OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4158
Re: Whether person, firm or corporation
who engages in business of lending
money through the "bill of sale"
system is subject to provisions of
Subd. 13, Art. 7047, R.C.S., Art.
6146, R.C.S. and Art. 6148, R.C.S.,
and related questions.

This is in answer to your letter of March 23, 1942, wherein you request the opinion of this department in response to the following questions:

"1. Is a person, firm or corporation who engages in the business of lending money through the 'bill of sale' system, subject to the provisions of subdivision 13, Article 7047, R.C.S., Article 6146, R.C.S., and Article 6148, R.C.S.? For example, the 'bill of sale' system is used as follows:

"'A,' who wishes to obtain the use of a certain sum of money for a period of thirty (30) days, delivers some article of value to 'B', who will purchase the article for an agreed amount. 'A' delivers a bill of sale for the article to 'B' with the verbal understanding that 'A' will have the privilege of repurchasing the same article on or before thirty (30) days, at a price equal to ten per cent more than 'A' received for the article when he sold it to 'B'.

"2. Has the Comptroller of Public Accounts the authority, under Article 6148, R.C.S., to inspect or examine the books or records of a person, firm or corporation, for the purpose of determining whether or not such person, etc., is engaged in business as a pawnbroker, as defined by Article 6146, R.C.S., and therefore liable for the occupation tax levied by Subdivision 13, Article 7047, R.C.S.?

"2a. Under what conditions or circumstances may this right of inspection be lawfully exercised by the Comptroller of Public Accounts? May it be exercised in instances where the Comptroller, in his official discretion, has reasonable grounds to believe, under the attending facts and circumstances that a person, firm or

corporation is engaged in such business, although such person, firm or corporation, denies that such business is being pursued and refuses access to the records?"

Subdivision 13, Article 7047, R.C.S., provides that an annual occupation tax of one hundred and fifty dollars shall be collected from every pawnbroker.

Article 6146, R.C.S., defines a pawnbroker as follows:

"A pawnbroker is one who pursues the business of lending money upon interest and receiving upon deposit any personal property as security for the payment of such loan and interest."

The words "pawn" and "pledge" mean the same thing. 33 Tex. Jur. 687. Under our statute to pawn or pledge property means to deposit it with a creditor to secure the payment of a debt. In the case of Smith vs. Anderson, 27 S.W. 775, 8 Tex. Civ. App. 188, holding that a transfer of stock on the books of a corporation to secure the payment of a loan with interest, though such transfer was absolute on its face, was a pledge and not a sale, the court said:

"The character of the transaction between the parties is to be determined by their intention, and it matters not what language is used, or what the form of the transfer was, if it was intended to secure the payment of money it must be construed as a pledge. Nor is it necessary that the consideration be a pre-existing indebtedness; it is sufficient if it be a present advancement." (Italics ours)

The facts stated by you unquestionably present a debtor-creditor relationship as opposed to the relationship of vendor and vendee. It follows that under the law, as stated in Smith v. Anderson, supra, a person, firm or corporation who engages in the business of lending money through the "bill of sale" system as illustrated by your example is engaged in the business of a pawnbroker as defined by Article 6146, R.C.S.

Article 6148, R.C.S., reads as follows:

"Each pawnbroker shall keep a well bound book, to be kept open for inspection in which he shall register all his transactions as a broker at the time the same occurs. Such register shall show:

"1. An accurate description of the articel pawned.
"2. From whom received.
"3. The time and the amount for which the article is pawned; its probable value and the rate of interest agreed upon.
"4. The final disposition made of such property, and if sold to whom sold and the amount for which each article was sold."

This article authorizes the Comptroller of Public Accounts, or any other interested party to inspect the books therein required to be kept.    It will be noted, however, that the provisions of such Article 6148 apply only to pawnbrokers.  Unless he is engaged in the business of a pawnbroker one is not required to keep such a set of books, and unless he is engaged in such business, this article gives no one the privilege of inspecting his books.  We must answer your questions 2 and 2a thus:  As a condition precedent to inspection of the books required to be kept by Article 6148, R.C.S., it must be established that the person whose books are to be inspected is engaged in the business of a pawnbroker, and is required by such article to keep said books.  It follows that such books   could not be examined under the authority of said article for the purpose of determining whether he is engaged in the business of a pawnbroker.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Fowler Roberts
    Fowler Roberts
    Assistant

FR:ej:wc

APPROVED APRIL 8, 1942
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman